# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

LAKEITH CULCLAGER, Reg. #25079-009                                         PETITIONER

v.                            NO. 2:10CV00047 JLH-JTK

T.C. OUTLAW, Warden,
FCI – Forrest City                                                          RESPONDENT

## ORDER

Petitioner, LaKeith Culclager, has requested a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner does not challenge his conviction, but only seeks twelve months of pre-release placement in a residential reentry center. Petitioner contends that pre-release would further his individual needs because he has "a high likelihood to be employed if on home confinement," his family needs the support of his income, and his medical needs require attention away from incarceration. Petitioner was released from the Forrest City Correctional Institution on February 2, 2011.[1] Consequently, it is impossible for the Court to grant Petitioner habeas relief.[2]

Furthermore, Petitioner's loss of pre-release placement carries no collateral consequences. His concerns regarding employment and his medical needs was as fully resolved by his release as it could have been by community or home confinement. *Cf. Leonard v. Nix*, 55 F.3d 370, 372 (8th Cir. 1995) ("Where the allegedly illegal punishment does not produce any collateral

---

[1] *See Inmate Locator*, Federal Bureau of Prisons, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=lakeith&Middle=&LastName=culclager&Race=U&Sex=U&Age=&x=71&y=21 (last visited March 26, 2012); *cf.* Doc. #15.

[2] Now that he is free, Petitioner undoubtedly no longer wishes to serve "community confinement or home detention." Doc. #15.

consequences independent of the underlying conviction, the case will be mooted by physical release."); *James v. Outlaw*, 142 Fed. App'x 274, 275 (8th Cir. Aug. 9, 2005) (per curiam) ("[The prisoner] was released from prison while the appeal was pending, return of the good-time credits at issue would have no effect on his current term of supervised release, and at this time we see no collateral consequences from the challenged disciplinary action.").

Thus, Petitioner's claims must be dismissed as moot. *See Calderon v. Moore*, 518 U.S. 149, 150, 116 S. Ct. 2066, 2067, 135 L. Ed. 2d 453 (1996) (per curiam) (dismissal appropriate when event occurs that renders it impossible for the court to grant effective relief).

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be, and it is hereby, dismissed, with prejudice. Doc. #1. The relief prayed for is DENIED as moot.

IT IS SO ORDERED this 27th day of March, 2012.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE